IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **ANTHONY J. CISTERNINO,** | Case No. 1: 23 CV 2450 |
| **Plaintiff,** | |
| -vs- | JUDGE PAMELA A. BARKER |
| **SOCIALSECURITY ADMINISTRATION,** *et al.*, | MEMORANDUM OF OPINION AND ORDER |
| **Defendants.** | |

This *pro se* action was filed by Plaintiff Anthony J. Cisternino against the Social Security Administration and "Job and Family Services" on December 26, 2023. (Doc. No. 1.) Plaintiff filed another similar action the same day, and that case has already been dismissed by this Court. *See Cisternino v. Human Services*, No. 1: 23 cv 2448, 2024 WL 1075430 (Mar. 12, 2014).

It appears Plaintiff contends in this case, as he did in his other case, that his accounts have been improperly accessed or misused by guardians or others, and that he has not received money or benefits to which he is entitled. As in Plaintiff's other case, however, his Complaint in this case (Doc. No. 1) and the various supplements he has filed (Doc. Nos. 3, 4) are rambling and unclear and impossible to parse for pertinent specific factual allegations of wrongdoing and legal claims against Defendants.

Plaintiff also filed motions to proceed *in forma pauperis* (Doc. No. 2) and for appointment of counsel. (Doc. No. 5.)

Although *pro se* complaints are construed liberally and held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "the

lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996). Even *pro se* plaintiffs must still meet basic pleading requirements, and courts are not obligated to conjure allegations or construct claims on their behalf. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (liberal construction for *pro se* litigants does not "abrogate basic pleading requirements").

Although detailed facts are not required, to meet minimum notice pleading requirements in federal court under Federal Rule of Civil Procedure 8, a complaint must set forth sufficient allegations to give the defendants and the court notice of what his legal claims are and the factual grounds on which they rest. *Bassett*, 528 F.3d at 437. Plaintiff's pleadings, even liberally construed, fail to do so.

Under 28 U.S.C. § 1915(e)(2)(B), district courts are expressly required to review all *in forma pauperis* complaints filed in district court, and to dismiss before service such action that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). A complaint fails to state a claim on which relief may be granted if it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

For the same reasons the Court dismissed Plaintiff's action in *Cisternino v. Human Services*, No. 1: 23 cv 2448, it finds Plaintiff's Complaint in this case must be dismissed in accordance with § 1915(e)(2)(B). His pleadings do contain coherent factual allegations, cogent legal claims, or a clear indication of the relief he seeks or what he wants the Court to do for him.

His motion for appointment of counsel (Doc. No. 3) is denied. Appointment of counsel is warranted only in exceptional circumstances in civil cases and is not appropriate where, as here, a court finds a *pro se* litigant's claims frivolous or his chances of success "extremely slim." *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993).

## Conclusion

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, his motion for appointment of counsel (Doc. No. 3) is denied, and this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: March 26, 2024

 s/*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE